[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-14145

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LEWGENE MEEKS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:22-cr-00030-RH-MAF-1

_____

Before GRANT, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

While a police officer's reasonable mistake of fact can provide the basis for a valid traffic stop, the mistake must be just that—reasonable. Members of the Tallahassee Police Department stopped Lewgene Meeks because an officer thought that he saw Meeks driving without a seatbelt. But the district court weighed the evidence and found that Meeks had been properly wearing his seatbelt before being stopped. Because the government offered no evidence that the officer's mistaken conclusion was objectively reasonable, the district court's denial of Meeks's motion to suppress evidence of his drug crimes arising from the stop was erroneous. We therefore reverse, vacate the conviction, and remand for further proceedings.

**I.**

A member of the Tallahassee Police Department received a tip that Lewgene Meeks, recently released from prison, was dealing drugs. On February 22, 2022, Tallahassee police conducting surveillance on Meeks suspected that he was carrying drugs in his car. Officers—both plainclothes and uniformed—began tailing Meeks's car, intending to perform a traffic stop so that they could search the vehicle.

The lead investigator asked Officer Glenn Farmer to intercept Meeks and confirm whether he was driving with his seatbelt fastened. Farmer testified that he pulled up next to the left

side of Meeks's car.  Looking through Meeks's driver-side window, Farmer says that he observed Meeks driving without a seatbelt. Police then pulled Meeks over and discovered that he was carrying a large amount of drugs, including powder cocaine, crack cocaine, and alpha-PVP (Molly).

Following his arrest and indictment, Meeks moved to suppress the evidence obtained from the traffic stop on the ground that the police initiated the stop without reasonable suspicion of a traffic violation, rendering all subsequently obtained evidence inadmissible.[1]  Meeks argued that he did not commit the traffic infraction for which he was stopped and that Farmer's contrary claim was an unreasonable mistake.  Following a hearing, the district court denied the motion to suppress.  Meeks then pleaded guilty to the charge of possession with intent to distribute, reserving the right to appeal the district court's denial of his motion to suppress.  This appeal follows.

## II.

"A district court's ruling on a motion to suppress presents a mixed question of law and fact." *United States v. Chanthasouxat*, 342 F.3d 1271, 1275 (11th Cir. 2003) (quotation omitted).  We review the district court's factual findings for clear error and its application of the law to those facts de novo.  *United States v. Zapata*, 180 F.3d 1237, 1240 (11th Cir. 1999).  We must construe all facts in the light

---

[1] Meeks also moved to suppress on the ground that the officers' order to him to exit the car during the stop was unconstitutional.  He does not appeal the district court's denial on this ground.

most favorable to the party that prevailed below. *United States v. Bervaldi*, 226 F.3d 1256, 1262 (11th Cir. 2000). The "ultimate determinations of reasonable suspicion and probable cause" are reviewed de novo. *Ornelas v. United States*, 517 U.S. 690, 697 (1996).

**III.**

Before we can review the merits of the district court's ruling, we need to decide what the district court actually ruled. This much is certain: the district court denied Meeks's motion to suppress. But the parties disagree on the district court's grounds for that decision, which were given orally. Meeks says that the district court made two findings: (1) that Meeks was wearing his seatbelt and (2) that Farmer's belief at the time that Meeks was not wearing his seatbelt was a reasonable mistake. The government disagrees. It says that the district court had only mused, without deciding, that Meeks may have been wearing his seatbelt. Instead, the government argues, "what the district court *did* find was that Farmer credibly testified that he was certain he observed the defendant driving without a seat belt, and thus it was reasonable for him to believe a traffic violation had occurred."

We side with Meeks's interpretation. The district court stated three times during its oral ruling that Meeks was wearing his seatbelt. Suppression Hr'g Tr. 111:25–112:1 ("It does appear to me in the video that Mr. Meeks had his seatbelt on."); 112:24–25 ("And while [the video] wasn't definitive, it did seem pretty clear to me that Mr. Meeks had his seatbelt on."); 113:2–3 ("But the better view is probably that he had his seatbelt on."); *see also* Fed. R. Crim. P.

12(d) ("When factual issues are involved in deciding a motion, the court must state its essential findings on the record."). The district court's subsequent statement that "my finding is that . . . Mr. Farmer reasonably believed that he had observed a traffic violation" is thus properly understood as a finding of a reasonable mistake of fact, which provided reasonable suspicion for the stop.[2]

The United States's contrary interpretation is belied by the transcript of the suppression hearing, which demonstrates that the district court did rule that Farmer had made a mistake of fact. But even if the United States were correct that the district court only decided that Farmer was credible when he testified that he was "certain" he saw Meeks not wearing his seatbelt, we would not then be required to defer to the district court's finding that this belief was objectively reasonable, as the United States argues. The strength of Farmer's subjective belief—or indeed, whether or not he actually subjectively believed—that he had reasonable suspicion for the stop is irrelevant to our inquiry. The "question we are faced

---

[2] We characterize Farmer as having made a mistake about what he saw, rather than as lying, because the district court credited Farmer as telling the truth when he testified about his own beliefs. Ultimately, though, it does not matter either way. Whether or not Farmer actually believed that he saw Meeks wearing his seatbelt, if an officer in his position could have made an objectively reasonable mistake to that end, then there was reasonable suspicion for the stop. The "fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action." *Scott v. United States*, 436 U.S. 128, 138 (1978).

with here is not whether [Farmer] actually and subjectively had the pertinent reasonable suspicion, but whether, given the circumstances, reasonable suspicion objectively existed to justify" the stop. *Hicks v. Moore*, 422 F.3d 1246, 1252 (11th Cir. 2005). "We do not examine the subjective understanding of the particular officer involved." *Heien v. North Carolina*, 574 U.S. 54, 66 (2014). Rather, the "Fourth Amendment tolerates only . . . *objectively* reasonable" mistakes. *Id.* We review that ultimate determination de novo.

## IV.

Because the district court's determination that Farmer had reasonable suspicion to stop Meeks for driving without a seatbelt presents a mixed question of law and fact, we first review for clear error the district court's factual finding that Farmer was in a position to observe Meeks driving without a seatbelt. *Zapata*, 180 F.3d at 1240. We then review de novo whether Farmer's mistaken observation was objectively reasonable. *See Chanthasouxat*, 342 F.3d at 1275–76.

## A.

Farmer testified that he pulled up to look for Meeks's seatbelt while they were traveling on a three-lane road. He observed Meeks from the left side of Meeks's car through the driver's side window. Body camera footage from another officer confirms that, fifteen seconds after Farmer claims to have observed Meeks from the left, his vehicle was seen on the other side of Meeks's car, to the right. Farmer explained that, following his

observation from the left, he pulled back to give room to another officer, then pulled up again on the right.

"Credibility determinations are typically the province of the fact finder because" the fact finder is "in a better position than a reviewing court to assess the credibility of witnesses." *United States v. Ramirez-Chilel*, 289 F.3d 744, 749 (11th Cir. 2002). When reviewing for clear error, we will defer to the district court's credibility determination unless its "understanding of the facts appears to be unbelievable." *Id.* (quotation omitted). Meeks argues that Farmer's version of events is factually impossible and that the district court clearly erred by crediting it. We disagree. Ordinary experience suggests that, in flowing traffic, two lane changes in fifteen seconds is perfectly within the capabilities of an ordinary driver, let alone an experienced police officer. The district court did not clearly err by crediting Farmer's testimony on this point.

**B.**

Given the district court's finding that Meeks was wearing his seatbelt, however, we must next ask whether Farmer's mistaken assertion to the contrary was objectively reasonable. *See Chanthasouxat*, 342 F.3d at 1275–76. Our inquiry begins (and here, ends) with the burden of proof. While the ultimate burden of persuasion ordinarily rests with the movant in a suppression hearing, "if a defendant produces evidence that he was arrested or subjected to a search without a warrant, the burden shifts to the government to justify the warrantless arrest or search." *United*

*States v. de la Fuente*, 548 F.2d 528, 533 (5th Cir. 1977).[3]   The government thus bears the burden of showing that Farmer's mistake was objectively reasonable.

The United States presented no evidence explaining how Farmer could have made an erroneous judgment with respect to Meeks's seatbelt.  Just the opposite—in testimony credited by the district court as credible, Farmer stated that he could "clearly see" through both his passenger and Meeks's driver-side windows, that he had no trouble "getting up next to the car," and that he was "100 percent" sure Meeks was not wearing his seatbelt.  Body camera video submitted into evidence confirms that the stop occurred on a clear, sunny day and that Meeks's car windows were not tinted.  Because there was no discussion at the suppression hearing about how Farmer's misidentification could have constituted an objectively reasonable mistake under these circumstances, the district court erred by denying the motion to suppress.

On appeal, the government argues that we should defer to the district court's finding of reasonableness because the evidence shows that Farmer honestly believed that he had observed Meeks not wearing a seatbelt.  The government commits a double fault.  As already explained, this Court's review of the ultimate reasonability of the stop is de novo; while we defer to the district court's factual findings, we do not defer to its determination of

---

[3] Decisions by the former Fifth Circuit handed down before October 1, 1981 are binding on this Court.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

whether reasonable suspicion existed based on those facts. *Zapata*, 180 F.3d at 1240; *Ornelas*, 517 U.S. at 697. And Farmer's subjective beliefs, no matter how genuinely held, are simply not relevant to the question of whether the stop was objectively reasonable. *Hicks*, 422 F.3d at 1252.

★     ★     ★

The government bore the burden to show that its stop of Meeks was objectively reasonable and predicated on reasonable suspicion of a traffic violation. On the record provided, it did not. We therefore **REVERSE** the district court's denial of Meeks's motion to suppress, **VACATE** the conviction, and **REMAND** for further proceedings.